**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

VICTOR MARTINEZ JIMENEZ,

Petitioner,

v.

SAMUEL OLSON, Field Office Director of
Enforcement and Removal Operations,
Chicago Field Office, Immigration and
Customs Enforcement; MARKWAYNE
MULLIN, Secretary, United States
Department of Homeland Security;
TODD BLANCHE, Acting United States
Attorney General.

Respondents.

No. 26 CV 4823

Judge Georgia N. Alexakis

**ORDER**

For the reasons set forth below, the Court grants the petition for writ of habeas corpus of petitioner Victor Martinez Jimenez. [1].

**STATEMENT**

Last year, the Department of Homeland Security ("DHS") issued a policy instructing all ICE employees to consider anyone who had entered the United States without inspection to be an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A), and therefore subject to mandatory detention without a bond hearing. The Board of Immigration Appeals ("BIA") later ruled that, under that same statute, immigration courts "lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216, 225 (BIA 2025).

On April 28, 2026, petitioner, who is a Mexican national, was detained by federal agents without a warrant. [1] ¶¶ 38, 40. Respondents do not dispute that petitioner has resided in the United States for 14 years, *id.* ¶ 39, although they represent (without corroborating evidence at this juncture) that he "came into DHS custody after an arrest for domestic battery," [7] at 2. Petitioner was initially detained at the Broadview Detention Center in Broadview, Illinois, [8] at 1, and remains in federal custody in the Clay County Jail in Brazil, Indiana, *id.* at 2, without an

opportunity to post bond or to be released on other conditions, [1] ¶ 42. On April 28, 2026, before his transfer from Broadview, [8] at 1, Martinez Jimenez filed a petition for a writ of habeas corpus, [1]. He seeks immediate release or, alternatively, a bond hearing before an immigration judge. *Id.* at Prayer for Relief.

Respondents concede that this case "is not distinguishable … in any material respect" from many other recent cases in which courts ordered bond hearings under 8 U.S.C. § 1226(a) for foreign nationals detained well after their entry into the United States. [7] at 2. They nevertheless register their disagreement with those cases and reassert the arguments articulated in a brief opposing a petition for a writ of habeas corpus filed in *H.G.V.U. v. Smith, et al.*, No. 25 C 10931 (N.D. Ill.). *Id.*

The same arguments the government presented in *H.G.V.U.* have been presented in numerous other cases throughout this District. In each of those cases, with one exception, courts have rejected respondents' arguments and granted the petitions for writs of habeas corpus, holding that the mandatory detention provision in 8 U.S.C.§ 1225(b)(2)(A) does not apply to noncitizens who are already present in the United States and that these noncitizens are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See, e.g.*, *Ochoa Ochoa v. Noem*, 25 CV 10865, 2025 WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases both in this District and around the country). *But see Rodriguez v. Olson*, 814 F. Supp. 3d 945 (N.D. Ill. 2026). *See also Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494–95 (S.D.N.Y. 2025) (collecting 350 cases around the country declining to adopt government's position that "*all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed").

There is no controlling precedent from the Seventh Circuit on this issue. No majority opinion emerged in the recently decided *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2026). Judge Lee concluded that § 1226 controls and allows for bond in cases like Jimenez Olson's, *id.* at *9–21; Judge Kirsch took the contrary view, *id.* at *34–39; and by virtue of her approach to other issues presented in *Castañon-Nava*, Judge Pryor did not reach the issue, *id.* at *22. When a trial court is presented with a fractured decision from an appellate court, the trial court must engage in a *Marks* analysis in accordance with *Marks v. United States*, 430 U.S. 188 (1977). Under *Marks*, the appellate court's holding "may be viewed as that position taken by those Members who concurred in the judgment on the narrowest grounds." 430 U.S. at 193. Judge Pryor's decision declining to reach the merits of the parties' interpretation of § 1225(b)(2)(A) represents the narrowest ground in *Castañon-Nava*.

With respect to other courts of appeal: The Second and Eleventh Circuits have held that § 1226, and not § 1225(b)(2)(A), applies to noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter. *See*

*Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden*, No. 25-14065, No. 25-14075, 2026 WL 1243395 (11th Cir. May 6, 2026). In reaching this conclusion, *Cunha* and *Hernandez Alvarez* explicitly rejected contrary opinions from the Fifth and Eighth Circuits. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)).

In earlier orders granting petitions for a writ of habeas corpus, this Court has ruled in a manner consistent with *Ochoa Ochoa*, Judge Lee's opinion in *Castañon-Nava, Cunha*, and *Hernandez Alvarez. See, e.g., Quintana Garcilazo v. Olson, et al.,* 25 CV 13321, Doc. 7 (Oct. 31, 2025). The Court reaches the same conclusion in the instant case. More specifically:

As of May 7, 2026, the online ICE inmate locator places Martinez Jimenez at Clay County Jail in Indiana. For the reasons articulated in *Quintana Garcilazo,* 25 CV 13321, Doc. 7 at 3, the proper respondents to this petition are Samuel Olson—an individual with authority to effectuate Garcia Correa's release—and Brison Swearingen—Martinez Jimenez's immediate custodian, [8] at 2. Markwayne Mullin and Todd Blanche are therefore dismissed from this matter and will be removed from the case caption.

Next, the Court excuses Martinez Jimenez from the futile exercise of administratively exhausting his claim to the BIA for the reasons it has previously articulated. 25 CV 13321, Doc. 7 at 3–4.

The Court is not divested of jurisdiction by operation of 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(b)(9), or 1252(g), as Martinez Jimenez is challenging the lawfulness of his detention without the opportunity for bond—not any of the decisions set beyond the reach of the Court's jurisdiction in the referenced clauses. *See Quintana Garcilazo,* 25 CV 13321, Doc. 7 at 3.

For the same reasons previously articulated, *id.* at 4, and consistent with Judge Lee's opinion in *Castañon-Nava* as well as the Second Circuit's decision in *Cunha*, the Court holds that § 1226(a) governs Martinez Jimenez's detention. Martinez Jimenez has resided in the United States for at least 14 years. [1] ¶ 39. He is no longer "seeking admission," so § 1225 does not govern his detention. He is instead an "applicant for admission," so § 1226(a) governs his detention.

Martinez Jimenez was arrested pursuant to a warrant. [9] at 6. Even so, because he has entered the country, the Due Process Clause applies to him as a "person" within the United States, regardless of his legal status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The Court therefore applies the three-part framework set forth in *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) (the determination as to what process is due requires a balancing of the private interest at stake in the deprivation;

the risk of an erroneous deprivation and the value, if any, of additional procedural safeguards; and the government's countervailing interests). Martinez Jimenez's liberty is at stake. The risk of erroneously depriving Martinez Jimenez of his liberty is overwhelming, and the government suggests no procedural safeguards that could mitigate it. Although the government has represented that Martinez Jimenez came into federal custody after an arrest for domestic battery, the record contains no evidence of the arrest, and the government does not argue that these circumstances present any countervailing government interest. [7] at 2. Indeed, the government should have its own "substantial interest in credible, transparent, and accountable law enforcement efforts. The government has an even greater interest in upholding the fundamental principles set forth in the U.S. Constitution, which includes the due process of law." *Torres Maldonado v. Crowley*, 25-cv-12762, Doc. 16 at 3 (N.D. Ill. Oct. 24, 2025). The Court therefore holds that Martinez Jimenez's detention deprives him of due process.

## CONCLUSION

For the reasons set forth above, the Court grants Martinez Jimenez's petition for writ of habeas corpus. [1]. The Court orders the government to provide Martinez Jimenez with a bond hearing under § 1226(a) on or before 5/15/2026 or otherwise to release him. Respondents Markwayne Mullin and Todd Blanche are dismissed from this matter. Brison Swearingen is added as a respondent. The parties are directed to submit a status report by 5/18/2026 to confirm that Martinez Jimenez has been given a bond hearing or has otherwise been released.

ENTER:

Date: May 8, 2026

_____
Georgia N. Alexakis
United States District Judge

4